IN RE INTEREST OF N.B., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. R.B., APPELLANT.
432 N.W.2d 850

Filed December 23, 1988.   No. 87-1074.

Fred J. Ferraro, of Smith, Trustin & Schweer, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

HASTINGS, C.J., WHITE, and CAPORALE, JJ., and REAGAN, D.J., and COLWELL, D.J., Retired.

PER CURIAM.

This appeal is from the separate juvenile court of Douglas County, Nebraska. The court ordered termination of R.B.'s

parental rights in N.B. We affirm.

N.B. was born March 5, 1983, and is the child of R.B. and D.K. N.B.'s parents have never married. The parental rights of D.K. were also terminated but are not a subject of this appeal.

In an appeal from a judgment terminating parental rights, the Supreme Court tries factual questions de novo on the record, and we are thus required to reach a conclusion independent of the trial court; however, where the evidence is in conflict, we consider and may give weight to the trial court's observation of the witnesses and acceptance of one version of the facts rather than another.

. . . .

. . . [W]here parents are unable or unwilling to rehabilitate themselves within a reasonable time, the best interests of the child require that parental rights be terminated.

*In re Interest of D.C.*, 229 Neb. 359, 360, 366, 426 N.W.2d 541, 542, 545 (1988).

Appellant's sole assignment of error is that the termination order is not supported by clear and convincing evidence.

N.B. was removed from his parents in July of 1985, after being found alone and unattended in a locked residence. The child was 2 years old at that time.

At an adjudication hearing held on November 27, 1985, R.B. admitted that he had no permanent address, was unemployed, and was unable to contribute to the financial support of his child. N.B. was found to be a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1984).

R.B. was ordered to comply with a plan of rehabilitation at a disposition hearing held on March 20, 1986. The plan included requirements that R.B. obtain full-time employment and suitable housing. R.B. was also required to complete a parenting class, to maintain regular visits with his son, and to establish a savings account. The plan was continued to subsequent hearings until July 24, 1987, when the motion to terminate parental rights was filed by the county attorney.

The termination hearing took place on September 15 and November 9, 1987. The evidence showed that R.B. had not successfully completed many of the requirements of his

rehabilitation plan. Although weekly visits were scheduled, R.B. had visited his son only 13 times in a 2-year period. He had found neither full-time employment nor a different residence, and had attended only two parenting classes. R.B. admitted his residence was unsuitable and too small for a child; he was unable to give any reason for failure to find employment. Although he was unable to establish a savings account, R.B. had acquired antique furniture, a color television, and a king-size bed. R.B. admitted he is not certain he is the father of N.B., apparently due to the mother's prostitution, of which R.B. approves. R.B. does not want N.B. if the child is found not to be his son.

At the November 9, 1987, hearing continuation, R.B. testified that he had obtained suitable housing and employment since September 15. He had also attended one of three scheduled parenting classes. R.B. quit his job when general assistance refused to pay for his housing because he was working.

Upon completion of all testimony, the court terminated the parental rights of R.B. in N.B.

On appeal, R.B. argues that the court should not have terminated his parental rights because he made "significant progress" toward compliance with the court-ordered rehabilitation plan. This argument is primarily based upon the efforts made between the two termination hearing dates.

The only progress R.B. can claim is his move into a two-bedroom apartment. R.B. had lived in the apartment for only 1 month, which, in view of his housing history, is not enough to convince the court of R.B.'s ability to maintain suitable housing for his son.

R.B. also claims to have worked periodically during the 2 years prior to the termination hearing. However, R.B. never verified this employment to his caseworker, even though required to do so by the rehabilitation plan. Further, R.B. has shown that he is unwilling to work if it interferes with his ability to obtain general assistance.

R.B.'s efforts, however well intended, cannot be considered significant. The State presented clear and convincing evidence of R.B.'s failure to parent N.B. and of his inability or

unwillingness to rehabilitate himself. The juvenile court's order terminating R.B.'s parental rights in N.B. was correct and is affirmed.

AFFIRMED.